Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error was defendant in the trial court *579 and defendant in error was plaintiff. The parties will be referred to by name or as they appeared in the trial court.
The action was commenced by plaintiff under Rule 105, R.C.P. Colo., to quiet title to twenty-seven mining claims in San Juan county. Defendant moved to dismiss the complaint on the ground that plaintiff was not the real party in interest. This motion was denied. Defendant in his answer denied that plaintiff was the owner of the property in dispute; alleged that he (Swallow) held title to said property through purchase from the plaintiff; and alleged that a deed to said premises had been delivered to the defendant, which instrument had been duly recorded.
The evidence introduced upon the trial established without material dispute the following facts:
Brakhage had acquired the property in 1946. Negotiations between Brakhage and Swallow in the latter part of 1957 resulted in an arrangement whereby Swallow attempted to sell the claims to people in Chicago with whom he (Swallow) was associated. Record title at that time was in the name of H. L. Nutting. Actually, he held the title to secure loans Nutting had made to Brakhage, but Nutting approved the proposed sale and reconveyed to Brakhage in order to facilitate the sale. Swallow was aware of this situation. Pursuant to the arrangement, Swallow went to Chicago from which place he telephoned and telegraphed Brakhage in mid-February, 1958, requesting various title papers and a deed to himself, the deed being necessary to show the prospective purchasers that he had power to sell the claims and deliver a deed to them. After receiving Nutting’s approval, Brakhage, on February 17, 1958, executed a deed to Swallow and sent it to him in Chicago along with other title materials. However the sale did not take place and Swallow returned to Denver. The deed which was sent to Swallow in Chicago was returned to Brakhage unrecorded. There was received *580 in evidence as plaintiff’s Exhibit 2 an unrecorded executed deed from Brakhage to Swallow dated February 17, 1958, which Brakhage testified was the same deed he had sent to Swallow in Chicago and which Swallow had returned to him after the anticipated sale fell through.
From this point there was a sharp conflict in the evidence. Brakhage testified that thereafter he neither sold the claims to Swallow nor delivered a deed to him. Brakhage continued to assert ownership to the claims and gave to Nutting another deed as collateral for the money he owed him. He did not realize that Swallow also asserted ownership until in July or August 1958, when he received a letter from Swallow and later found that what purported to be a deed from Brakhage to Swallow dated February 17, 1958, had been recorded in San Juan county records on August 20, 1958. It was this recording that raised a cloud on the title of Brakhage and resulted in his filing this action.
On the other hand, Swallow testified that after his return from Chicago he had negotiations with Brakhage over a period of several months which culminated in his purchase of the claims for a total of $11,250 in cash, 25,000 shares of stock in Swallow’s Mineral Aggregates Corp., sales rights on a product being made by Swallow’s company, and a loan of $1,250 to Brakhage for payment of taxes on the claims. There was no written agreement and the cash payments were made in installments, the final payment and delivery of a certificate for 25,000 shares of stock being made July 25, 1958. As corroboration of his purchase, Swallow identified defendant’s Exhibits E and G as receipts for the $11,250 and the 25,000 shares, respectively, and Exhibit F as a promissory note for $1,250, all three allegedly signed by Brakhage. Swallow further testified that at some time during the negotiations Brakhage had executed and delivered to him both original and duplicate of a quitclaim deed dated February 17, 1958, which he' had *581 placed in his files and that it was either the original or duplicate which he sent to San Juan county for recording in August 1958 after making final payment. Swallow was unable to produce the instrument actually recorded, testifying that it had been sent to a man in Chicago to whom he owed $140,000 as evidence that he had spent some of the money for these claims and that he was unable to locate his creditor and recover the instrument actually recorded. However there was received in evidence as defendant’s Exhibit A a photostatic copy of a deed dated February 17, 1958, which Swallow testified was a true and correct copy of the actual deed from Brakhage to him which he had caused to be recorded on August 20, 1958.
Rowland K. Goddard, an expert witness, testified that in his opinion defendant’s Exhibit A was also a photostatic copy of plaintiff’s Exhibit 2 (the deed sent to Swallow in Chicago and subsequently returned to Brakhage.)
The authenticity of the alleged signature of Brakhage on Exhibits E, F, and G also was contested. Brakhage denied that he had signed these two receipts and promissory note while Swallow asserted that he had. Mr. Goddard testified as an expert that the signatures were forgeries and had not been made by Brakhage, pointing out differences between admittedly genuine signatures and the signatures on the questioned documents. Ruby S. Stephan, Swallow’s handwriting expert, testified that in her opinion the signatures on the questioned documents were genuine and gave her reasons.
The Findings of Fact and Conclusions of Law entered by the trial court contains the following:
“And now the Court, having heard the evidence, examined the court files and considered the briefs of counsel, and being now sufficiently advised in the premises, doth find:
“That plaintiff purchased the mining claims described in.' the' complaint in the year 1946, and his title and *582 possession of the property were unquestioned until August 20, 1958, when there was recorded what purports to be a deed of the property from plaintiff as grantor to the defendant C. George Swallow as grantee, who now asserts title to the property by virtue thereof.
“By clear, cogent and convincing evidence the Court finds the issues herein generally in favor of the plaintiff and against the defendant.
“Specifically the Court finds that without doubt the document in the form of a deed from plaintiff to defendant, dated February 17, 1958, recorded in the office of the County Clerk and Recorder of San Juan County, Colorado, on August 20, 1958, in Book 182 at page 63, upon which defendant bases his claim of title to the property, the subject of this action, was a photostatic copy of a deed executed at the request of defendant to further a proposed sale of the property to other parties not parties to this action, and was not intended to be used unless the sale was consummated, and that the deal was never made.
“The Court further finds that said deed (Plaintiff’s Exhibit 2) was duly returned to plaintiff by defendant, unrecorded.
“The Court finds as a matter of law and fact that the said filing of a photostatic copy of the deed by defendant was unwarranted, and was an attempted unlawful intrusion upon the title to the property in plaintiff, and should be and is held for naught insofar as a transfer of title from plaintiff to defendant is concerned.
“The Court further finds from the evidence that without doubt the purported signatures of plaintiff, H.' J. Brakhage, shown on defendant’s Exhibits E, F and G are blatant forgeries, and should be and are held by the Court to have no probative value or effect in showing any consideration paid by defendant to plaintiff toward a purchase of the property, subject matter of this action.
“The Court finds that as a matter of law and fact: the *583 defendant C. George Swallow has no interest, estate or claim of any kind whatsoever in the real estate described in the complaint, and that he should be and is forever barred and enjoined from asserting any claim or title thereto, as based on the deed, a photostatic copy of which he had recorded as above recited, and that the title of the plaintiff in and to the premises be now quieted in plaintiff as owner in fee simple, and entitled to the possession of the premises described in the complaint, as against the defendant, his heirs, administrators, executors and assigns.”
The “Summary of Argument” filed in this Court on behalf of the defendant is as follows:
“I. The plaintiff’s position as the real party in interest was questioned by motion prior to the trial, and at the trial, but the proofs brought forward of his position lack the legal requisites to sustain such position, not being clear and convincing, or beyond reasonable controversy.
“II. The evidence of plaintiff’s basic proofs was insufficient.
A. The evidence that the deed from plaintiff to defendant actually recorded as a photostatic copy was inconclusive, inconsistent, and equivocal.
B. The testimony given by plaintiff was inconsistent, controverted and lacked corroboration by other evidence and testimony in the case.
“III. Defendant’s acts were consistent with perfect good faith.
“IV. The testimony of the handwriting experts was highly conflicting and plaintiff’s proofs attacking defendant’s Exhibits E, E, and G, showing proof of the consideration paid and conclusion of the purchase and sale of the subject property, lacked the legal requisites or sufficiency.”
We have set forth enough of the evidence received upon the trial to indicate that the controlling issues- of fact were resolved by the trial court upon con *584 flicting evidence. In substance, the argument advanced by counsel for the defendant amounts to an assertion that the trial court should have believed the testimony of his client rather than the evidence offered by plaintiff. We find no merit in any argument advanced as a ground for reversal, and the judgment accordingly is affirmed.
Mr. Chief Justice Frantz not participating.